HEARD NOVEMBER TERM, 1873.

## CHALK *vs.* PATTERSON.

A late Commissioner in Equity *held* not liable for moneys collected in Confederate States Treasury notes and invested, in March, 1864, in four per cent. certificates of the Confederate States.

Willard, A. J., holding, That he was compelled to make the investment by irresistible force.

Wright, A. J., That he acted prudently under the circumstances.

Moses, C. J., That the plaintiff was concluded by certain issues, which, with his consent, were submitted to a jury and found against him.

BEFORE THOMAS, J., AT CHESTER, FEBRUARY TERM, 1872.

This was an action by Thomas T. J. Chalk against Giles G. Patterson, for money had and received.

The case was as follows: The defendant was Commissioner in Equity for Chester District from the year 1858 to the year 1868, inclusive. In the years 1862 and 1863 he, as Commissioner in Equity, received moneys in Confederate Treasury notes, for the distributees of George W. D. Chalk, deceased, and in March, 1864, he funded the amount he had received in four per cent. certificates of the Confederate States. The funding was under the Act of the Confederate States Congress, approved 17th February, 1864. The plaintiff was one of the distributees, and the action was brought to recover his share of the moneys received.

The defendant, by his answer, alleged, *inter alia*, the particulars relative to the funding in four per cent. certificates, and he also pleaded the Statute of Limitations.

When the case came on for trial the following order was made :

" This action having been brought on to be heard on the pleadings herein, and Mr. Hamilton for the plaintiff, and Messrs. McAliley & Brawley for defendant, having been heard, and by consent of said counsel, it is ordered that the following issues between the parties be tried by a jury, on the 14th February :

" *First.* Was the disposition of the moneys admitted to have been received by the defendant to the use of the plaintiff, as set forth in his answer, proper and legal, and such as to bar the plaintiff's right to recover ?

" *Second.* Did the plaintiff's cause of action accrue within four years next preceding the commencement of the action ?"

The issues under the order were submitted to a jury, and, after

evidence given on both sides, His Honor charged the jury "that the receipt of the money in Confederate currency was not in issue in the case." To this charge the plaintiff excepted. The plaintiff then submitted various propositions of law, which he requested the Court to charge, which was refused. One of the requests was "that Confederate bonds were not such securities as, under any circumstances, were proper for the investment of trust funds."

The jury found for the defendant and the plaintiff appealed.

*Hamilton*, for appellant.

*McAliley & Brawley, C. D. Melton*, contra.

- June 27, 1874. The following opinions were filed :

WILLARD, A. J. I concur in the conclusion that the appeal should be dismissed, but upon the grounds that the conversion of Confederate currency into Confederate States bonds, under the operation of the Act of the Confederate Congress, approved Feb. 17, 1864, by which all persons holding notes of the Confederate States were required to fund the same in 4 per cent. Confederate States bonds, on or before April 1st, 1864, or submit to a tax thereon of 33⅓ per cent., with an additional monthly tax of 10 per cent. on all bills of the denomination of $100, must be regarded as compelled by irresistible force. The Act in question, considered with reference to the facts of the actual supremacy of the Confederate Congress within this State, and of the compulsion proceeding from the statutes and Courts of this State, in conformity with the policy and requirements of the Confederate Congress, and the situation of the defendant, as a public officer, dependent, as to the line of his duty, upon the orders of the Courts, must be regarded as sufficiently evidencing a force to which the defendant, as a public officer, was not bound to offer resistance.

Not being chargeable with wrong, he cannot be made liable, as the plaintiff seeks to charge him. It is not necessary to examine the question whether the present suit could have been maintained without previous proceedings of a suitable character in the case in which the moneys were received, inasmuch as the parties have assumed, by mutual consent, to shape the issues in such manner as to effectually waive such objection on the part of defendant.

WRIGHT, A. J. I agree that the respondent in this case should not be held liable, and that the motion should be dismissed. By the provisions of an Act of the Congress of the Confederate States of America, approved Febuary 17th, 1864, all holders of Confederate treasury notes above the denomination of five dollars not bearing interest were allowed to fund the same in registered four per cent. bonds; and, in the event that such holders did not fund all non-bearing interest notes of the denomination of one hundred dollars, such notes were depreciated by a tax of thirty-three and one-third cents levied " for every dollar promised on the face of said notes," and also an additional monthly tax of ten per cent.

It is evident that while it was the design of those who passed the Act above referred to to cause all persons holding such treasury notes to fund them, yet all holders had the right of choice, and therefore might fund such notes or submit to the tax which was imposed upon them.

If such notes were not funded by the time specified in the Act, (April 1st, 1864,) it is clear that, had the rebellion continued, in a brief period of time such notes would have been consumed by taxation.

The respondent being permitted to exercise discretionary power as Commissioner in Equity, like every prudent man would have done under the same or like circumstances, funded the notes held by him, and should not be held liable for their loss.

MOSES, C. J. While the whole Court concurs in dismissing the motion, the conclusion of its several members is not reached by a like regard of the points arising under the appeal. My view of the case precludes our right to consider either the propriety of the receipt of the Confederate money or its investment.

The action was for money had and received by the respondent, as Commissioner in Equity for Chester, the proceeds of the sale of real estate, which came to his hand as such officer.

After the pleadings had been brought to the notice of the Court, and the counsel for both sides heard thereon, by their consent, it was ordered that the following issues between the parties be tried by a jury :

" *First.* Was the disposition of the moneys, admitted to have been received by the defendant to the use of the plaintiff, as set

forth in his answer, proper and legal, and such as to bar the plaintiff's right to recover?

"*Second.* Did the plaintiff's cause of action accrue within four years next preceding the commencement of this action?"

After the evidence, argument and charge, the jury returned a verdict "for the defendant."

The proceeding is of a very singular and anomalous character. The mode in which the issues were to be determined is one certainly not to be encouraged by the Court. It is in violation, not only of all regularity, but entirely inconsistent with the form in which cases at law are to be tried, where questions of fact are to be decided by the jury, unless it is waived, while those of law are exclusively for the determination of the Judge. Even in cases arising at law, while, by consent, questions of fact may be left to the judgment of the Court, those of law can never be referred to the decision of the jury. Here the first issue, admitting the receipt of the money, raises the question, whether its disposition, as set forth in the answer, was "proper and legal, and such as to bar the plaintiff's right to recover?"

The manner of the disposition, therefore, is admitted, and the only matter the jury was to pass upon was its legal effect in bar of the recovery. A mere naked proposition of law was raised, and this, by consent of the appellant, was left to the jury. Can he complain of error in their judgment when he accorded them rights which in no way pertained to them? His consent that they should be invested with the power of fully determining the issues submitted, though they involved pure questions of law, should leave him without remedy in the way of appeal. It is true he now excepts to the issue, because "it settled a question of law"—but this was on his own motion, for in an order by consent both parties must be considered actors, and he should not be permitted to show error in an order of the Judge granted on his own application.

It is apparent from the pleadings and the testimony that the "disposition" of the money under the first issue referred to the funding of it in Confederate States bonds.

The only error in the charge of the Judge excepted to is "that the receipt of the money, in Confederate currency was not in issue in the case."

We concur in his conclusion. It was not involved in the issue, which only affected its "disposition." The other errors complained

of consist in his refusal to charge as requested on behalf of the appellant. An examination of the points so made will show that they could have no bearing on the real question raised by the said issue, which, we have said, looking to its language submitted to the jury, whether the investment in Confederate securities of the money received was a proper and legal disposition of it.

Even if there had been error on the part of the Judge, as alleged, in regard to the first issue, it is not contended there was any as to the second. That involved the Statute of Limitations. The general verdict of the jury extended to both issues—and they have said, by their finding, that the "plaintiff's cause of action did not accrue within four years next preceding the commencement of the action." Neither in the exceptions or the argument here is any error charged in their finding on this issue, and it is conclusive against the appellant.

The motion is dismissed.